IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GARLAND E.,<br><br>**Plaintiff,**<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security<br><br>**Defendant.** | Case No. 22-CV-1245-JAR |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Approval of Attorney Fees (Doc. 27), which seeks attorney's fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $22,356.93. The motion is fully briefed, the government has responded but not objected, and the Court is prepared to rule. For the reasons stated below, the Court grants Plaintiff's motion, awards $22,356.93 in reasonable attorney's fees, and orders Plaintiff's counsel to refund to Plaintiff the smaller fee amount ($5,100) that was received under the Equal Access to Justice Act ("EAJA").

**I.    Background**

Plaintiff hired counsel to prosecute his claim for social security benefits in September 2022. They entered into a contingent-fee agreement for 25 percent of all retroactive benefits and agreed that Plaintiff would be refunded the lesser amount of the fees payable under 42 U.S.C. § 406(b) or the fees collected under the EAJA. On October 25, 2022, Plaintiff filed a Complaint in this Court appealing the administrative decision denying his disability benefits. On May 31, 2023, Defendant filed an unopposed motion to remand this matter to the Commissioner. On June 1, 2023, this Court entered a judgment reversing the Commissioner under sentence four of

42 U.S.C. § 405(g) and an order granting the motion to remand. On August 25, 2023, this Court granted an unopposed motion for attorney's fees under the EAJA in the amount of $5,100. On remand, the Commissioner awarded Plaintiff total retroactive benefits of $89,427.70.

Plaintiff's counsel now seeks $22,356.93 in attorney's fees under 42 U.S.C. § 406(b)(1), which is 25 percent of Plaintiff's total retroactive benefits. Defendant takes no position on counsel's fee request, except to state that Plaintiff's attorney must refund the EAJA fees and defers to the Court's discretion on the reasonableness of the award.

## II. Legal Standard

Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits."[1] This provision allows the Court to award attorney fees in conjunction with a remand for further proceedings where a plaintiff eventually is awarded past-due benefits.[2] The amount of a fee award under § 406(b) is committed to the Court's sound discretion.[3]

In determining whether a contingent-fee agreement produces reasonable results or whether the fee award should be reduced, the Supreme Court has directed courts to consider several factors, specifically: (1) the character of the representation and whether the results it achieved were substandard; (2) whether the attorney was responsible for delay that caused

---

[1] "The [SSA] deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). "Under the SSA scheme, each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id.* (citations omitted).

[2] *Id.* at 503.

[3] *Id.* at 505 (citation omitted); *see also Gordon v. Astrue*, 361 F. App'x 933, 934 (10th Cir. 2010) (explaining that "a district court enjoys considerable discretion in the setting of a fee award for work done before it").

benefits to accrue during the pendency of the case; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case.[4] The Supreme Court noted that "the comparison of amount of benefits to time spent might be aided by submission of plaintiff's attorney's billing record and normal hourly billing rate."[5] "If counsel is awarded fees under both the EAJA and the SSA, counsel must refund the smaller amount to the claimant."[6]

### III. Discussion

Applying the factors described above, the Court concludes that the requested fee of $22,356.93 is reasonable. As to the first two factors, counsel achieved a favorable result, including convincing Defendant to file a motion to remand the case. And Plaintiff's counsel was not responsible for any delay in the case. The only question is whether the benefits awarded are large in comparison to the amount of time counsel spent on the case. In *Gisbrecht*,[7] the Supreme Court instructed that the contingency agreement should be given significant weight in fixing a fee, subject to the district judge's independent evaluation of the reasonableness of the fee. In determining the reasonableness of the fees, the court may consider the hours spent representing the claimant and counsel's normal hourly billing charge for non-contingent fee cases.[8] And in cases awarding large benefits, the court should disallow unreasonable fees that would constitute a windfall.[9]

---

[4] *Gisbrecht*, 535 U.S. at 808 (citations omitted).

[5] *Robbins v. Barnhart*, No. 04-1174-MLB, 2007 WL 675654, at *2 (D. Kan. Feb. 28, 2007) (citing *Gisbrecht*, 535 U.S. at 808).

[6] *McGraw*, 450 F.3d at 497–98 (first citing *Gisbrecht*, 535 U.S. at 796; then citing *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986)).

[7] *Gisbrecht v. Barnhart*, 535 U.S. at 808 (citations omitted).

[8] *Id.*

[9] *Id.*

Plaintiff ultimately received benefits in the amount of $89,427.70, and counsel now seeks attorney's fees in the amount of $22,356.93, which represents 25 percent of the total award. Counsel submitted an itemized invoice showing that she spent 23.6 hours representing Plaintiff. Counsel states that an award of 25 percent of past due benefits would result in an hourly rate of $947.33 under the lodestar method the Supreme Court rejected in *Gisbrecht*. But counsel argues that given the rate at which claimants prevail in social security cases, counsel would need to charge a winning client an amount 2.8 times the fee the attorney would have charged a client paying on a non-contingent basis, to compensate for the risk of loss. Applying this 2.8 multiplier results in effective hourly rate in a non-contingent case of $338.33.

Counsel contends that this amount is reasonable based on the results in the case. The Court agrees. Plaintiff's counsel obtained a favorable result. In addition, the Court recognizes that the contingent nature of social security cases "justifies a fee award which is higher than the normal hourly rate charged by practitioners" due to the probability of the cases not successfully concluding.[10] Moreover, the Court is mindful that with the requisite refund of the $5100 in EAJA award, Plaintiff effectively is paying counsel $17,256.93 out of her $89,427.70 in benefits. Accordingly, the Court grants Plaintiff's motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** pursuant to 42 U.S.C. § 406(b), Plaintiff's Motion for Approval of Attorney Fees (Doc. 27) is granted. Plaintiff's attorney, Kelsey Young, is entitled to $ 22,356.93 in attorney's fees. From that amount, Plaintiff's counsel shall refund $5,100, the amount of the smaller EAJA award, to Plaintiff.

**IT IS SO ORDERED.**

---

[10] *See Rogers v. Kijakazi*, No. 19-1134-JWL, 2022 WL 17718655, at *3 (D. Kan. Dec. 15, 2022) (finding that an hourly rate of $2,265.39 with an effective hourly rate of $809.07 was reasonable due to the circumstances of the case).

Dated: July 31, 2024

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE